UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

PAUL EUGENE ADKINS,

    Movant,

v.                                  Case No. 2:02-cr-00253-1
                                    Case No. 2:04-cv-01044

UNITED STATES OF AMERICA,

    Respondent.

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is a motion filed pursuant to 28 U.S.C. § 2255, on September 27, 2004 (docket sheet document # 48), which requests post-conviction relief under Blakely v. Washington, 542 U.S. 296 (2004). On February 9, 2005, Movant filed a "Motion to Proceed" (# 52), which requests a ruling on his motion.

Movant, Paul Eugene Adkins (hereinafter referred to as "Defendant"), is serving a 37 month period of imprisonment, to be followed by a three year term of supervised release, upon his guilty plea to possession of firearms by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)2). (Judgment in a Criminal Case, # 30, entered August 5, 2003.) The District Court also imposed a special assessment of $100.00, and waived imposition of a fine. Id. Defendant's direct appeal was unsuccessful. United States v. Adkins, No. 03-4642, 92 Fed. Appx. 43 (4th Cir. Mar. 29, 2004).

Defendant raises the following grounds for relief in his

motion:

> Petitioner herein asserts that Petitioner was incorrectly sentenced in that Petitioner should not have received the four (4) level increase in sentencing under 2K2.1(b)(5) sentencing enhancement, that Petition should have received a three (3) level reduction in sentencing under 3E1.1 Acceptance of Responsibility.
>
> Petitioner contends that his counsel was ineffective because counsel failed to raise important and vital arguments that could have been raised and result in a different sentence.
>
> **GROUND # 1 INEFFECTIVE ASSISTANCE OF COUNSEL**
>
> Counsel failed to raise vital arguments [that were made by Blakely's attorney] that in fact could have been raised at Petitioner's sentencing.
>
> \* \* \*
>
> Petitioner, while believing counsel did argue good grounds at sentencing against the application of the 2K2.1(b(5) enhancement, also believes counsel failed to really stress and present some issues that should have been presented and stressed at sentencing and even more so on Appeal.
>
> The simple fact is that there is little or no evidence that Petitioner threatened his spouse or anyone in the attempt to prevent them from informing authorities of any illegal drug transactions. \* \* \*
>
> Counsel sadly could have argued this matter much more effectively but did not, so therefor counsel must be found ineffective. \* \* \*
>
> **GROUND # 2 ERRONEOUS APPLICATION OF THE
> 4 LEVEL SENTENCING ENHANCEMENT**
> The court erred in increasing Petitioner's sentence through the application of the 2K2.1(b)(5) enhancement in lieu of insufficient evidence, <u>APPRENDI</u>, and in violation of Petitioner's Constitutional Rights. \* \* \*
>
> It is Petitioner's contention that the court erred in applying the 2K2.1(b)(5) enhancement in many ways. The court lacked subject matter jurisdiction because

2

there was no federal crime for his spouse to report. Likewise, Petitioner contends that threat he made was not to stop his spouse from informing the authorities of a federal crime. Mrs. Adkins' statement was made under severe duress and should not have been admitted into court. The court should have given Mrs. Adkins' personal testimony more weight.

How the court reached the conclusion that Petitioner has been attempting to conceal the commission of a Federal offense is beyond normal reason. * * *

### GROUND # 3 THE COURT'S FAILURE TO AWARD 3 LEVEL REDUCTION FOR ACCEPTANCE

Petitioner contends that he should have been rewarded the three (3) level reduction in sentencing for numerous reasons. * * *

The court and the United States Probation Officer knew the Petitioner was addicted to narcotics. * * *

Because Petitioner had not been warned about such consequences and not have knowledge of what abusing drugs would wrought, the court should have granted Petitioner the reduction. * * *

Petitioner had been returned to custody well before Petitioner entered his plea. * * *

(Motion, at 2-13.)

<u>The request for post-conviction relief is timely.</u>

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion. However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996, (hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

The one-year period runs from the latest of one of four

3

specified events:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant's conviction became final on or about June 28, 2004 (four days after Blakely was decided), when the time for filing a petition for a writ of certiorari expired. Rule 13, Supreme Court Rules. The Motion was signed by Defendant on September 19, and filed on September 27, 2004; therefore, Defendant's request for post-conviction relief is timely.

Blakely and Booker have not been applied retroactively.

Defendant seeks relief under Blakely; however Blakely addressed the sentencing guidelines enacted by the State of Washington. Although many commentators predicted that Blakely would affect the status of the Federal Sentencing Guidelines, the Blakely decision specifically stated that "[t]he Federal Guidelines are not before us, and we express no opinion on them." 542 U.S. at ___, 124 S. Ct. at 2538 n.9.

On January 12, 2005, the Supreme Court decided United States v. Booker, 125 S. Ct. 738, which reaffirmed the Court's holding in Apprendi, applied the holding in Blakely to the Sentencing

4

Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. The Booker holding applies "'to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" 125 S. Ct. at 769 (quoting Griffith v. Kentucky, 479 U.S. 314, 328 (1987)). Defendant's case had concluded direct review and was final when Booker was decided. Thus Booker does not apply, unless the Supreme Court rules that it is to be applied retroactively to cases on collateral review.

Seven Circuit Courts of Appeals have ruled that Booker does not apply retroactively to cases on collateral review. In McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir.), cert. denied, 125 S. Ct. 2559 (2005), the Court held:

> Although the Supreme Court did not address the retroactivity question in *Booker*, its decision in *Schriro v. Summerlin*, ___ U.S. ___, 124 S. Ct. 2519, 159 L. Ed.2d 442 (2004), is all but conclusive on the point. *Summerlin* held that *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed.2d 556 (2002) -- which, like *Booker*, applied *Apprendi*'s principles to a particular subject -- is not retroactive on collateral review.
>
> *Ring* held, in reliance on *Apprendi*, that a defendant is entitled to a jury trial on all aggravating factors that may lead to the imposition of capital punishment. In *Summerlin* the Court concluded that *Ring* cannot be treated as a new substantive rule -- which is to say, a rule that "alters the range of conduct or the class of persons that the law punishes." ___ U.S. ___, 124 S. Ct.

5

at 2523. It observed that "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable [in a particular way], requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules." *Ibid.* That is no less true of *Booker* -- or for that matter *Apprendi* itself. We held in *Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002), that *Apprendi* does not apply retroactively on collateral review, because it "is concerned with the identity of the decisionmaker, and the quantum of evidence required for a sentence, rather than with what primary conduct is unlawful." That, too, is equally true of *Booker*. No conduct that was forbidden before *Booker* is permitted today; no maximum available sentence has been reduced.

The remedial portion of *Booker* drives the point home. The Court held that the federal Sentencing Guidelines remain in force as written, although 18 U.S.C. § 3553(b)(1), which makes their application mandatory, no longer governs. District judges must continue to follow their approach *as guidelines*, with appellate review to determine whether that task has been carried out reasonably. No primary conduct has been made lawful, and none of the many factors that affect sentences under the Sentencing Guidelines has been declared invalid. Consequently, *Booker*, like *Apprendi* and *Ring*, must be treated as a procedural decision for purposes of retroactivity analysis.

\* \* \* The Court held in *DeStefano v. Woods*, 392 U.S. 631, and reiterated in *Summerlin*, that the choice between judges and juries as factfinders does not make such a fundamental difference; to the contrary, the Court stated in *Summerlin*, it is not clear which is more accurate. ___ U.S. at ___, 124 S. Ct. at 2525. What is more, *Booker* does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of *Booker* held that decisions about sentencing facts will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is

6

not a "watershed" change that fundamentally improves the accuracy of the criminal process. *See also Curtis*, 294 F.3d at 843-44.

We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004, came down, is the appropriate dividing line.

In Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005), the Second Circuit held that "neither Booker nor Blakely appl[ies] retroactively to [a] collateral challenge." In Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005), the Eleventh Circuit held "that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to a § 2255 on collateral review." In Humphress v. United States, 398 F.3d 855, 863 (6th Cir. 2005), pet. for cert. filed, No. 05-5130, the Sixth Circuit ruled that:

> We see no basis for concluding that the judicial factfinding addressed in *Booker* is either less accurate or creates a greater risk of punishing conduct the law does not reach than did the judicial factfinding addressed in *Ring*. The Supreme Court has never held that a new rule of criminal procedure falls within *Teague*'s second exception. *Beard [v. Banks]*, 124 S. Ct. [2504], 2513-14 [(2004)]. We hold that *Booker*'s rule does not either.

In United States v. Price, 400 F.3d 844, 848 (10th Cir. 2005), pet. for cert. filed, No. 04-10694, the Tenth Circuit held that Blakely was a new rule of criminal procedure that was not subject to retroactive application on collateral review. In Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005), the Third Circuit held

7

that "<u>Booker</u> announced a rule that is 'new' and 'procedural,' but not 'watershed;'" thus it does not apply retroactively to § 2255 motions filed in cases which were final as of January 12, 2005. In <u>Schardt v. Payne</u>, 414 F.3d 1025 (9th Cir. 2005), the Ninth Circuit held that <u>Blakely</u> did not announce a watershed rule of criminal procedure, and quoted approvingly from <u>Price</u>.

Based on <u>McReynolds</u>, <u>Green</u>, <u>Varela</u>, <u>Humphress</u>, <u>Price</u>, <u>Rucker</u>, <u>Lloyd</u>, and <u>Schardt</u>, the undersigned proposes that the presiding District Judge **FIND** that Movant's conviction was final before <u>Booker</u> was decided, and that <u>Booker</u> does not apply retroactively on collateral review.

<u>Defendant was not denied effective assistance of counsel.</u>

The Supreme Court addressed the right to effective assistance of counsel in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). In <u>Strickland</u>, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. <u>Id.</u> The first prong is competence; Defendant must show that the representation fell below an objective standard of reasonableness. <u>Strickland</u>, 466 U.S. at 687-91. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel. 466 U.S. at 688-89.

In order to meet the first prong, a defendant

8

>must identify the acts or omissions of counsel that are
>alleged not to have been the result of reasonable
>professional judgment. The court must then determine
>whether, in light of all the circumstances, the
>identified acts or omissions were outside the wide range
>of professionally competent assistance. . . [C]ounsel is
>strongly presumed to have rendered adequate assistance
>and made all significant decisions in the exercise of
>reasonable professional judgment.

460 U.S. at 690.

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694. In the context of a guilty plea, a defendant must show that he would not have pled guilty but for counsel's incompetence. Hill v. Lockhart, 474 U.S. 52 (1985); Fields v. Attorney General, 956 F.2d 1290 (4th Cir. 1989). The court may determine the prejudice prong prior to considering the competency prong if it is easier to dispose of the claim on the ground of lack of prejudice. Strickland, 466 U.S. 697.

Defendant was represented by Assistant Federal Public Defender George Lancaster. Mr. Lancaster objected to the four-level upward adjustment under U.S.S.G. § 2K2.1(b)(5) and the refusal to award a three-level downward adjustment for acceptance of responsibility, litigated the objections at sentencing (including calling Defendant's wife as a witness), and raised them as issues on

9

appeal. In short, Mr. Lancaster did everything in his power to obtain the rulings which Defendant seeks in his § 2255 motion, and there is absolutely no basis to conclude that Defendant was denied effective assistance of counsel. Indeed, it is apparent that Mr. Lancaster represented Defendant with the skill, energy, and commitment which characterizes the best representation of persons facing federal criminal charges. The undersigned proposes that the presiding District Judge **FIND** that Defendant was not denied effective assistance of counsel.

For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge deny Movant's motion under 28 U.S.C. § 2255.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and

the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Paul Eugene Adkins, and to counsel of record.

September 8, 2005
Date

Mary E. Stanley
United States Magistrate Judge

11